PROB 12C
(REVISED 5/2011)

# United States District Court
for
Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Demetrius T. Jones</u>          Case Number: <u>3:07-00105</u>

Name of Judicial Officer: <u>The Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>September 24, 2009</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924 Convicted Felon in Possession of a Firearm</u>

Original Sentence: <u>60 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>          Date Supervision Commenced: <u>September 23, 2011</u>

Assistant U.S. Attorney: <u>Philip Wehby</u>          Defense Attorney: <u>R. David Baker</u>

---

### PETITIONING THE COURT

<u>X</u>   To issue a Summons.
___   To issue a Warrant.

---

### THE COURT ORDERS:

☐ No Action
☒ Submit a Petition for Summons
☐ Submit a Petition for Warrant
☐ Other

Considered this 18th day of Feb., 2014,
and made a part of the records in the above case.

Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Joshua Smith
U.S. Probation Officer

Place    Nashville, Tennessee

Date
        February 18, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall refrain from any unlawful use of a controlled substance.** |

Mr. Jones tested positive for cocaine on January 24, 2014. Prior to the drug test on January 24, 2014, he reported to the probation officer that he had been "getting high," by using marijuana but denied cocaine use. The lab results for the drug test were negative for marijuana.

2.  **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U. S. Probation Office.**

Mr. Jones has failed to report for drug testing on three occasions.

November 25, 2013          January 9, 2014          January 21, 2014

Mr. Jones was referred back to substance abuse treatment after testing positive for cocaine in September 2013. He was initially required to attend weekly group substance abuse. He failed to attend treatment for two months. Mr. Jones reported his failure to attend treatment resulted from him babysitting for his sister each week on the day of his treatment meetings. In order to accommodate his schedule, in November 2014, Mr. Jones' treatment was modified to individual substance abuse treatment twice a month. He continued his failure to attend any treatment appointments. The probation officer met with Mr. Jones on December 30, 2013, and scheduled another appointment for him to attend treatment on January 13, 2014. Mr. Jones failed to attend that appointment as well. The probation officer met with Mr. Jones on January 24, 2014. Mr. Jones reported to the probation officer that he is unable to attend substance abuse treatment at this time as transportation arrangements are too difficult, though Mr. Jones regularly arranges transportation in order to report to work.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Jones began supervision on September 23, 2011. He is scheduled to terminate supervision on September 22, 2014.

A report was submitted to the Court asking for no action on August 16, 2012, informing that Mr. Jones had been arrested for Unlawful Use of Drug Paraphernalia, Possession or Casual Exchange, and No Driver's License. He was found guilty of Unlawful Use of Drug Paraphernalia and the other charges were dismissed. As a result of the charges, he was referred to Centerstone for a substance abuse assessment. Upon completion of the assessment, substance abuse was recommended. He began substance abuse treatment in October 2012 and successfully completed treatment in June 2013. No action was ordered by the Court at that time.

A report was submitted to the Court asking for no action on November 12, 2013, informing that Mr. Jones tested positive for cocaine and failed to report for drug testing on one occasion. As a result of the positive drug test in September 2013, his drug testing was increased and he was referred back to Centerstone for substance abuse treatment. No action was ordered by the Court at that time.

As noted previously, the probation officer met with Mr. Jones on January 24, 2014, as a result of Mr. Jones missing two drug tests and failing to contact the probation officer for two weeks. Mr. Jones informed that he had a conflict with his sister and her friends that turned physical earlier in the month. He reported that the argument started when his sister failed to transport him to a drug test. He began yelling at her in the presence of her friends. The conflict escalated, and he reportedly was jumped by his sister's friends. He had visible scratches on his face. As a result of the argument, Mr. Jones left the home and stayed with friends in the community. Mr. Jones' sister filed a request for an order of protection against Mr. Jones, but she dropped the charge at the first court date, as they had made amends regarding the conflict. Mr. Jones' sister spoke with the probation officer on January 24, 2014, and expressed her desire for Mr. Jones to continue to reside at her residence. She was asked to contact the probation officer if any further incidences occur or if she is in fear of her safety.

**Update of Offender Characteristics:**

Mr. Jones has been employed at Champion Car Wash since his start on supervised release.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that a summons be issued for Mr. Jones, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to the U.S. Attorney's Office and they concur with the recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DEMETRIUS T. JONES, CASE NO. 3:07-00105

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 3, 2003     VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | 8 months |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment 18 U.S.C. § 3583(h) | 2-5 years U.S.S.G. § 5D1.2(a)(1) | no supervision to follow |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release. 18 U.S.C. § 3583 (g)(4). Revocation is also mandatory if the defendant tests positive for illegal controlled substances more than 3 times over the course of 1 year. 18 U.S.C. § 3583 (g)(4). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule section 3583 (g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583 (d).

**Guideline Policy Statements:** Upon finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted

_/s/ Joshua Smith_
Joshua Smith
U. S. Probation Officer

Approved: _/s/ Vidette Putman_
Vidette Putman
Supervisory U. S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Demetrius T Jones

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:07CR00105 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 09 / 24 / 2009
   *month  day  year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | positive drug tests | C |
   | failure to report for drug testing and substance abuse treatment | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  — C

9. **Criminal History Category** *(see §7B1.4(a))* — VI

10. **Range of Imprisonment** *(see §7B1.4(a))* — 8-14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Demetrius T Jones

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)      _____    Home Detention         _____

    Other    Special Assessment $50          Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 2 _____ to 5 _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002