PROB 12C
(REVISED 5/2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 107]

Name of Offender: <u>Demetrius T. Jones</u>   Case Number: <u>3:07-00105</u>

Name of Judicial Officer: <u>The Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>September 24, 2009</u>

Original Offense: <u>18 U.S.C. § § 922(g)(1) and 924, Convicted Felon in Possession of a Firearm</u>

Original Sentence: <u>60 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>September 23, 2011</u>

Assistant U.S. Attorney: <u>Philip Wehby</u>   Defense Attorney: <u>R. David Baker</u>

---

### PETITIONING THE COURT
____ To issue a Summons.
____ To issue a Warrant.
__X__ To Consider Additional Alleged Violations/Information.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Alleged Violations/Information *at hearing to*
☐ Other  *be held 12/22/14.*

Considered this _2nd_ day of _Oct_, 2014,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place  Nashville, Tennessee

Date  September 30, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 107, has been amended as follows:

    Violation No. 1 - has been amended to include additional drug use
    Violation No. 3 - has been added

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1. **The defendant shall refrain from any unlawful use of a controlled substance.**

   Mr. Jones tested positive for cocaine on January 24, 2014. Prior to the drug test on January 24, 2014, he reported to the probation officer that he had been "getting high," by using marijuana but denied cocaine use. The lab results for the drug test were negative for marijuana.

   On April 28, 2014, Mr. Jones admitted to taking pain medication a few days prior for his knee pain. The pain medication was prescribed to his sister. Mr. Jones has tested negative for illegal drugs five times since March 19, 2014.

   On August 21, 2014, Mr. Jones tested positive for cocaine. He denied illegal drug use to staff in the probation office.

   **On September 16, 2014, Mr. Jones admitted to using synthetic marijuana. He reported to the probation officer that he did not believe that synthetic marijuana was illegal.**

2. **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U. S. Probation Office.**

   Mr. Jones has failed to report for drug testing on three occasions.

   November 25, 2013        January 9, 2014        January 21, 2014

   Mr. Jones was referred back to substance abuse treatment after testing positive for cocaine in September 2013. He was initially required to attend weekly group substance abuse. He failed to attend treatment for two months. Mr. Jones reported his failure to attend treatment resulted from him babysitting for his sister each week on the day of his treatment meetings. In order to accommodate his schedule, in November 2014, Mr. Jones' treatment was modified to individual substance abuse treatment twice a month. He continued his failure to attend any treatment appointments. The probation officer met with Mr. Jones on December 30, 2013, and scheduled another appointment for him to attend treatment on January 13, 2014. Mr. Jones failed to attend that appointment as well. The probation officer met with Mr. Jones on January 24, 2014. Mr. Jones reported to the probation officer that he is unable to attend substance abuse treatment at this time as transportation arrangements are too difficult, though Mr. Jones regularly arranges transportation in order to report to work.

   Mr. Jones failed to report for drug testing on April 15, 2014.

3. <u>**The defendant shall not commit another federal, state or local crime.**</u>

> On September 26, 2014, Mr. Jones was arrested by the Metropolitan Nashville Police Department on an outstanding warrant for domestic assault. According to the affidavit, on January 11, 2014, Mr. Jones was involved in a domestic altercation with the mother of his child, Alicia Spears. Mrs. Spears stated that the argument started at Mr. Jones' residence but continued into the street in front of that location. Mrs. Spears stated that she was trying to call 911 when Mr. Jones tried to take away her phone. The altercation went to the ground, and Mrs. Spears' phone was broken in the process. Mrs. Spears stated that Mr. Jones punched her in the head and face and pulled out some of her hair. A neighbor, Mrs. Hill, was driving by the residence at the time of the altercation and stopped to help. Mrs. Hill reported to officers that she saw Mr. Jones on top of Mrs. Spears punching her. Mrs. Spears was able to get away from Mr. Jones and got into Mrs. Hill's car, but Mr. Jones followed. Mrs. Hill tried to call 911 but Mr. Jones attempted to take her phone. Mr. Jones then climbed into the back seat with Mrs. Spears and continued to assault her. Mrs. Hill drove away and was able to call 911. Mr. Jones ran away on foot. Mrs. Spears suffered a few minor cuts and bruises on her hands and face. In the affidavit, there is note from the commissioner that indicated during the probable cause hearing, that Mrs. Spears was informed by a relative that Mr. Jones threatened to kill her if she proceeded with prosecution.
>
> On September 26, 2014, the probation officer spoke with Alicia Spears who informed that Mr. Jones had been arrested and wanted the probation officer to know it was related to the incidents previously known to this officer in January 2014. After reviewing the affidavit, the probation officer spoke with Mrs. Spears again on September 29, 2014. She reported that she is Mr. Jones' sister and does not have any children with him. These items were incorrect in the affidavit. She further reported that all the other details of the incident reported in affidavit are correct. She informed that she was told by a family member at the probable cause hearing that he would kill her if she proceeded but she spoke with him at a later time and he denied the threat. She reported to the probation officer that she does not feel that she is unsafe around Mr. Jones, and she had previously had the order of protection dismissed. Mr. Jones is currently in custody at the Davidson County Criminal Justice Center. His next hearing is scheduled for October 2, 2014, in Davidson County General Sessions Court.

**<u>Compliance with Supervision Conditions and Prior Interventions:</u>**

Mr. Jones began supervision on September 23, 2011. He is scheduled to terminate supervision on December 22, 2014.

A report was submitted to the Court asking for no action on August 16, 2012, informing that Mr. Jones had been arrested for Unlawful Use of Drug Paraphernalia, Possession or Casual Exchange, and No Driver's License. He was found guilty of Unlawful Use of Drug Paraphernalia and the other charges were dismissed. As a result of the charges, he was referred to Centerstone for a substance abuse assessment. Upon completion of the assessment, substance abuse was recommended. He began substance abuse treatment in October 2012 and successfully completed treatment in June 2013. No action was ordered by the Court at that time.

A report was submitted to the Court asking for no action on November 12, 2013, informing that Mr. Jones tested positive for cocaine and failed to report for drug testing on one occasion. As a result of the positive drug test in September 2013, his drug testing was increased and he was referred back to Centerstone for substance abuse treatment. No action was ordered by the Court at that time.

As noted previously, the probation officer met with Mr. Jones on January 24, 2014, as a result of Mr. Jones

missing two drug tests and failing to contact the probation officer for two weeks. Mr. Jones informed that he had a conflict with his sister and her friends that turned physical earlier in the month. He reported that the argument started when his sister failed to transport him to a drug test. He began yelling at her in the presence of her friends. The conflict escalated, and he reportedly was jumped by his sister's friends. He had visible scratches on his face. As a result of the argument, Mr. Jones left the home and stayed with friends in the community. Mr. Jones' sister filed a request for an order of protection against Mr. Jones, but she dropped the charge at the first court date, as they had made amends regarding the conflict. Mr. Jones' sister spoke with the probation officer on January 24, 2014, and expressed her desire for Mr. Jones to continue to reside at her residence. She was asked to contact the probation officer if any further incidences occur or if she is in fear of her safety.

On February 25, 2014, a petition requesting a summons was submitted to inform that Mr. Jones tested positive for illegal drugs, failed to report for drug testing and failed to return to substance abuse treatment. A revocation hearing was held before Your Honor on March 19, 2014, and the hearing was continued for three months to allow Mr. Jones an opportunity to re-establish compliance with substance abuse treatment attendance. In June 2014, Mr. Jones was terminated from substance abuse treatment with Centerstone after notification that it was believed that he had met maximum benefit from treatment.

**On June 12, 2014, a petition requesting the consideration of additional alleged violations was submitted to inform that Mr. Jones admitted to taking pain medication prescribed to his sister and failing to report for drug testing on one additional occasion.**

**On August 25, 2014, a petition requesting the consideration of additional alleged violations was submitted to inform that Mr. Jones tested positive for cocaine on August 21, 2014.**

**A revocation hearing was held before Your Honor on August 26, 2014. The hearing was continued for 90 days. Following the hearing, the probation officer met with Mr. Jones to discuss substance abuse treatment options due to the positive drug test for cocaine. Mr. Jones expressed concern over transportation limitations; therefore, it was determined that he would return to substance abuse treatment at Centerstone, which is near his home. On September 9, 2014, Mr. Jones was referred back to substance abuse treatment at Centerstone. He has begun treatment again with Centerstone.**

### Update of Offender Characteristics:

Mr. Jones has been employed at Champion Car Wash since his start on supervised release.

### U.S. Probation Officer Recommendation:

**It is respectfully requested that the additional violations/information be considered at the revocation hearing scheduled before Your Honor on December 22, 2014. This matter has been reported to the U.S. Attorney's Office, and they concur with the recommendation.**

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DEMETRIUS T. JONES, CASE NO. 3:07-00105

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 3, 2003    VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | 8 months custody |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment 18 U.S.C. § 3583(h) | 2-5 years U.S.S.G. § 5D1.2(a)(1) | no supervision to follow |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release. 18 U.S.C. § 3583 (g)(4). Revocation is also mandatory if the defendant tests positive for illegal controlled substances more than 3 times over the course of 1 year. 18 U.S.C. § 3583 (g)(4). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule section 3583 (g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583 (d).

**Guideline Policy Statements:** Upon finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted

_____
Joshua Smith
U. S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U. S. Probation Officer